1.

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

APR 16 9 45 AM '01

CLERK
BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DR. ERIC T. POEHLMAN, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Docket No. 2:01-cv-120 |
| | ) | |
| UNIVERSITY OF VERMONT and DR. JOSEPH WARSHAW, Defendants | ) | |

COMPLAINT

Plaintiff Dr. Eric T. Poehlman ("Dr. Poehlman"), for his complaint against Defendants University of Vermont ("UVM") and Dr. Joseph Warshaw ("Dean Warshaw"), alleges as follows:

NATURE OF ACTION

1. This is an action for declaratory and injunctive relief and to secure protection of and to redress rights secured by the First Amendment and by the due process clause of the Fourteenth Amendment of the United States Constitution. This action arises out of the Defendants' stated intent to notify the Office of Research Integrity (the "ORI") of the Public Health Service ("PHS") of the U.S. Department of Health and Human Services that they believe that a Formal Investigation is warranted concerning scientific misconduct accusations made against Dr. Poehlman. Such actions have deprived, and threaten to deprive, Plaintiff of liberty

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

1.

and property interests. Among other things, they have the effect of stigmatizing his reputation on the basis of alleged dishonesty.

PARTIES

2. Plaintiff, Eric Poehlman, Ph.D., is a citizen and resident of Vermont and is employed by Defendants as tenured Professor of Medicine, Physiology and Nutritional Sciences at UVM's College of Medicine.

3. Defendant Joseph Warshaw is the Dean of UVM's College of Medicine and is a resident of the city of Burlington, Chittenden County, Vermont. At all times herein, Dean Warshaw was acting under color of state law.

4. Defendant University of Vermont is a state-related institution of higher education authorized under the laws of the State of Vermont and the entity of which Defendant Dean Warshaw is an official.

JURISDICTION AND VENUE

5. This Court has jurisdiction over this action brought pursuant to 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C.§ 289b.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

FACTS

7. On December 27, 2000, Dr. Poehlman (who has over 150 peer-reviewed publications to his name) was accused by an entry-level lab technician of scientific misconduct in a preliminary, unpublished study.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

8. Even though the mistakenly distributed spreadsheets at issue in this study had been ordered by Dr. Poehlman himself to be corrected back in November (*i.e.*, well before the accusation was even made), because the spreadsheet contained imputed, experimental data (the scientific use of which neither this young accuser nor UVM's Review Panel understood) and because UVM pursued an investigation that consistently failed to follow UVM's own procedures under the Officers' Handbook (the "Handbook") and ignored Dr. Poehlman's due process rights, UVM has now purported to proceed to a "Stage 3 Investigation" under its rules, which mandate reporting the situation to the federal Office of Research Integrity ("ORI").

9. UVM is not properly at a "Stage 3 Investigation" because it violated its own procedures and Plaintiff's due process rights in order to get there. Among other things:

**(i)** Dr. Poehlman's accuser met with UVM's Review Panel for witness interviews and meetings that excluded Dr. Poehlman;

**(ii)** Dr. Poehlman was never given the opportunity to cross examine his accuser or any witnesses;

**(iii)** UVM failed to provide to Dr. Poehlman, or even consider, critical evidence, such as the actual spreadsheets involved;

**(iv)** UVM claimed to have applied a "clear and convincing" evidentiary standard, but ultimately relied solely on its view that the accuser was "sincere";

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

**(v)** UVM never articulated the *basis* for its conclusion to proceed at each critical juncture (i.e., proceeding to a Formal Inquiry and then to a Formal Investigation);

**(vi)** UVM failed to sequester the evidence, allowing the accuser and others access to the relevant UVM computers weeks after the accusation was filed;

**(vii)** UVM refused to hold a formal hearing and to allow Dr. Poehlman a meaningful opportunity to present evidence and testimony establishing his innocence;

**(viii)** UVM has revealed that it has prematurely reached its conclusion that Dr. Poehlman is guilty; and

**(ix)** at least three departmental heads blatantly breached UVM's and the federal requirement of confidentiality, announcing to their entire staffs that Dr. Poehlman was under investigation for scientific misconduct.

10. ORI does not have jurisdiction over the unpublished study at issue in any event. The ORI regulations make clear that it has jurisdiction only where the misconduct concerns a PHS grant or grant application. Here, there is no PHS grant or grant application at issue, in accordance with ORI guidelines and a consent form approved by UVM itself.

11. By letter dated April 10, 2001, Defendants informed Plaintiff that they will notify the Office of Research Integrity (ORI) on or about April 13, 2001, that allegations of scientific

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

misconduct against Plaintiff warrant further investigation. By subsequent letter dated April 11, 2001 and in a telephone conversation, Defendants informed Plaintiff that said notification would take place at the end of the day on April 16, 2001.

12. Defendants actions to date, as well as their announced plan to notify the ORI, constitute deprivations of Plaintiff's liberty and property interests as they are a stigmatization of his reputation, violation his First Amendment rights (including his academic freedom) and place his continued employment in jeopardy, and will cause Plaintiff irreparable harm.

13. Defendants actions have deprived Plaintiff of his liberty and property interests without administrative or legal due process of law in violation of the Fourteenth Amendment of the United States Constitution.

AS AND FOR A FIRST CLAIM FOR RELIEF

14. Plaintiff repeats each of the foregoing allegations as if fully set forth herein.

15. By reason of the foregoing, Defendants have violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution.

AS AND FOR A SECOND CLAIM FOR RELIEF

16. Plaintiff repeats each of the foregoing allegations as if fully set forth herein.

17. By reason of the foregoing, Defendants have breached the terms of the Handbook.

AS AND FOR A THIRD CLAIM FOR RELIEF

18. Plaintiff repeats each of the foregoing allegations as if fully set forth herein.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

19. By reason of the foregoing, Defendants proposed notification of ORI is in violation of federal law.

WHEREFORE, Plaintiff requests that this Court enter judgment:

(a) declaring that Defendants have violated Plaintiff's Constitutional right to due process;

(b) declaring that Defendants have breached their contract (the UVM Handbook) with Plaintiff;

(c) declaring that the alleged misconduct is not subject to ORI jurisdiction;

(d) preliminarily and permanently enjoin Defendants from making any notification to ORI; and

(e) awarding Plaintiff such further relief as the Court deems just and proper, including legal and equitable relief and an award of reasonable attorneys fees' incurred in challenging Defendants' actions and in bringing this action.

Dated: Burlington, Vermont
April 16, 2001

Andrew D. Manitsky, Esq.
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
For Plaintiff